[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PREJUDGMENT AND OFFER OFJUDGMENT INTEREST
The plaintiff, Greater Hartford OB-GYN, has moved pursuant to Sections 37-3a and 52-192a of the Connecticut General Statutes for the assessment of prejudgment interest and offer of judgment interest. CT Page 3122
The court notes that, according to the stipulation of the parties, if the plaintiff should prevail, the recoverable damages were to be $20,000 "exclusive" of interest. (The stipulation does not provide that damages were to be $20,000 "including" interest).
The court finds that the plaintiff is entitled to interest in accordance with General Statutes § 37-3a. That section provides for interest at the rate of 10% as damages for the detention of money after it becomes payable.
Although it was not made clear at trial when the money became due and payable if at an earlier date, the court finds that it became due and payable no later than May 6, 1991 when Aetna's claim counsel sent to plaintiff's counsel a formal denial of the claim. (Plaintiff's Exhibit 7). Plaintiff is entitled to recover interest from May 7, 1991 through February 22, 1996, the date of the judgment. The court calculates that to be $9,600.16.
The court finds that the plaintiff is not entitled to interest under Section 52-192a. The offer of judgment was $30,000. The judgment, (even with the interest added under §37-3a) is less than that amount.
Accordingly, judgment may enter in the amount of $20,000 plus interest in the amount of $9,600.16.
Frances Allen State Trial Referee